

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2010

# In re: Jeffrey Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-9003

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"In re: Jeffrey Beard " (2010). *2010 Decisions.* Paper 1200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ELD-032                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-9003
_____

IN RE:  JEFFREY A. BEARD; LOUIS B. FOLINO;
AND FRANKLIN J. TENNIS,
                                                    Petitioners

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 08-cv-5061)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 25, 2010

Before:  SCIRICA, HARDIMAN and NYGAARD, Circuit Judges.

(Filed:  June 3, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

The Commonwealth of Pennsylvania petitions for a writ of mandamus to challenge

a discovery order issued by the United States District Court for the Eastern District of

Pennsylvania in a capital habeas corpus matter.  For the following reasons, we will deny

the petition.

## I. Background

In 1995, after a jury trial, the Court of Common Pleas of Philadelphia County convicted Daniel Gwynn of first degree murder, arson, and other crimes. He was sentenced to death. In 2008, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Among others, he raised claims that the Commonwealth withheld exculpatory evidence, employed suggestive photo identification procedures, and presented false information to the trial court.

On September 15, 2009, Gwynn filed a motion for discovery pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases. He sought: (1) complete police and prosecution files from his case, specifically including photographs used to elicit witness identifications and police department activity sheets; and (2) complete police and prosecution files relating to a similar murder/arson that took place about a year earlier, which occurred in the same location as the murder/arson in Gwynn's case and which led to the prosecution of two individuals, Johnson and Lupton, who Gwynn claims actually committed the crime for which he was convicted. Gwynn argued he had good cause for each request.

The Commonwealth responded to Gwynn's discovery motion. It agreed to produce a copy of the pre-trial discovery produced in the state proceedings, the police activity sheets, and the transcript from the Lupton trial. The Commonwealth opposed the remaining discovery requests as premature, arguing that, because Gwynn had not yet filed

2

a memorandum in support of his habeas corpus petition, he had not established, among other things, that his claims had been properly raised and developed in state court. In addition, the Commonwealth argued that, if he had filed a supporting memorandum, it would be apparent that Gwynn's claims are procedurally defaulted and meritless. Finally, the Commonwealth argued that production of complete police files results in a "fishing expedition" and would chill the conduct of police investigations in the future.

In reply, Gwynn argued that the discovery requests are not premature as a matter of law and that discovery would assist him in determining whether he can establish a basis to overcome any potential procedural default. Gwynn also reiterated the good cause underlying his requests.

On March 19, 2010, the District Court granted Gwynn's discovery motion. The Commonwealth filed a petition for a writ of mandamus on April 15, 2010.

## II. Analysis

### A.

A habeas petitioner, unlike an ordinary civil litigant in federal court, is not automatically entitled to discovery under the Federal Rules of Civil Procedure. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Under Rule 6 of the Rules Governing § 2254 Cases, a party seeking discovery must make specific requests and must provide reasons for the requests. See Rule 6(b). Upon such a motion, the District Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and

3

may limit the extent of discovery." Rule 6(a). The United States Supreme Court has held that a District Court has a duty to permit Rule 6 discovery in a habeas corpus matter "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief. . . ."[1] Bracy, 520 U.S. at 908-09.

The thrust of the Commonwealth's petition focuses on the contention that the District Court's discovery order permits Gywnn to develop claims that he failed to preserve in state court. Before we may consider the Commonwealth's claim, however, we must address a determinative threshold issue: whether, under the circumstances of this case, our mandamus jurisdiction permits us to immediately review the District Court's discovery order.

## B.

We have authority to issue a writ of mandamus under the All Writs Act. 28 U.S.C. § 1651(a); see In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). Mandamus is a drastic remedy granted only in the most extraordinary situations. Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). Before we may exercise our discretion to issue the writ, the petitioner must establish both a "clear and indisputable" right to

---

[1] The Commonwealth argues that the provision limiting the availability of an evidentiary hearing in habeas corpus cases where a state prisoner fails to first develop the factual basis of a claim in state court, see 28 U.S.C. § 2254(e)(2), similarly circumscribes the availability of document discovery. We have not previously addressed this issue and, given our disposition of this petition, need not do so in this case.

relief and that there is "no other adequate means" to obtain relief. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005). The writ does not provide a substitute for an appeal. See Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 381 (2004).

As a general rule, the normal appeal process provides the opportunity to obtain relief from a District Court's pretrial discovery order. Accordingly, civil litigants must wait until after final judgment to vindicate their rights relative to such orders. See 28 U.S.C. § 1291; Mohawk Indus., Inc. v. Carpenter, 130 S. Ct. 599, 606 (2009). Indeed, if we were to routinely issue the writ of mandamus to review discovery orders, we would be encouraging the sort of piecemeal litigation we have been specifically instructed to discourage. See Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 403 (1976).

Under appropriate circumstances, however, we may exercise our discretion to issue a writ of mandamus to promptly correct the most serious and fundamental District Court errors concerning pretrial discovery matters. See Mohawk, 130 S. Ct. at 608. For instance, the United States Supreme Court has acknowledged that mandamus may be appropriate where a pretrial discovery order reflects a judicial usurpation of power or a clear abuse of discretion, or where necessary to remedy a manifest injustice. Id. at 607.

Here, the Commonwealth's basic contention is that the District Court committed legal error in determining whether good cause supports the discovery requests in the underlying habeas corpus matter. See Bracy, 520 U.S. at 908-09. A claim of legal error in a discovery decision generally does not fall within our mandamus authority. The

5

Commonwealth has not, for example, set forth a claim that the District Court acted entirely without jurisdiction. See In re Sch. Asbestos Litig., 921 F.3d 1310, 1314 (3d Cir. 2000) ("Courts traditionally have employed writs to restrain jurisdictional excesses, particularly when a lower court has acted without authority to do so."); see also In re Pruett, 133 F.3d 275, 280 (4th Cir. 1997) ("Because the issue involves the court's authority to act ex parte at all and not whether discretion was or was not properly exercised, we believe mandamus is the only 'adequate' means of testing the issue.").

Nevertheless, the Commonwealth proposes that mandamus should lie to immediately consider its claim, arguing that we have expressed a preference for granting the writ to permit immediate review of discovery orders in habeas corpus matters. (Petition at 5, n.4.) However, the Commonwealth provides no support for its proposal that the habeas corpus discovery context alone establishes a basis for granting mandamus relief.[2] To the contrary, we do not apply such "black letter" rules to mandamus determinations. See In re Sch. Asbestos Litig., 977 F.2d at 772-73.

Next, the Commonwealth asserts we should grant mandamus because this habeas corpus discovery order implicates decisions made by state courts. The United States Supreme Court has "long recognized the principles of federalism and comity at stake

---

[2] To the extent the Commonwealth attempts to rely upon decisions by the Court of Appeals for the Ninth Circuit, that Court applies a balancing test in which clear legal error may provide the sole basis for issuing the writ of mandamus. See Calderon v. U.S. Dist. Ct. for N. Dist. Cal., 98 F.3d 1102, 1105 (9th Cir. 1996). We have not adopted the Ninth Circuit's approach.

6

when state prisoners attempt to use the federal court to attack their final convictions." Dist. Att'y's Office of 3d Judicial Dist. v. Osborne, 129 S. Ct. 2308, 2324 (2009) (Alito, J., concurring) (citations omitted). However, we cannot conclude that the mere existence of these interests requires our immediate intervention in the District Court proceeding. We may review the habeas corpus discovery order, and address any comity, federalism, or other important interests it may implicate, during the course of an ordinary appeal when the District Court has entered a final judgment. The Commonwealth has not established otherwise.

Finally, the Commonwealth contends the District Court's order infringes upon its general interest in protecting police files from public disclosure. Mandamus may be appropriate in cases in which a party has been ordered to produce documents entitled to protection based upon a recognized privilege or confidentiality interest. See Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 861 (3d Cir. 1994); Bogosian v. Gulf Oil Corp., 738 F.2d 587, 591 (3d Cir. 1984). Here, however, the Commonwealth's broad invocation of a general confidentiality interest is insufficient. To warrant mandamus, the Commonwealth must demonstrate that compliance with the District Court's order will destroy the interest that requires protection in this case.[3] See In re

---

[3] The Commonwealth argues that "routine defense access to full police files is eventually going to get someone threatened, hurt or even killed." (Petition at 4.) While protecting individual safety is indeed important, the Commonwealth has offered nothing more than a broad generalization and has not identified a concern specific to the underlying proceeding. Moreover, the District Court is equipped to fashion a variety of

7

Chambers Dev. Co., 148 F.3d at 227 n.9; Bogosian, 738 F.2d at 591. The

Commonwealth has not met that burden.

C.

In sum, the Commonwealth contends the District Court improperly granted

Gwynn's habeas corpus discovery requests. Because the Commonwealth's claims may be

addressed in the course of an ordinary appeal, the Commonwealth has not established that

there is "no other adequate means" by which it may obtain relief from the District Court's

habeas corpus discovery order. See Kerr, 426 U.S. at 404-05. The Commonwealth

therefore has failed to make the necessary showing to warrant mandamus relief.

III.  Conclusion

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

remedies to address particular safety and confidentiality concerns. We note that the Commonwealth has never requested any of them.